(155 App. Div. 391.)

### SULLIVAN v. GREENHUT-SIEGEL COOPER CO.

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

1. MASTER AND SERVANT (§ 177*)—MASTER'S LIABILITY—FELLOW SERVANTS.

A servant cannot recover for negligence of a fellow servant in a detail of his work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 208; Dec. Dig. § 177.*]

2. MASTER AND SERVANT (§ 107*)—MASTER'S LIABILITY—APPLIANCES AND PLACES FOR WORK—"WAY."

A large freight elevator which carried freight from floor to floor, and which was used by defendant's employés, though not mechanically defective, which carried a wagon negligently placed thereon without strapping the shafts or blocking the wheels, so that a shaft fell against the wall and started the wagon back, striking and killing plaintiff's intestate, an employé who was at the rear of the wagon, was dangerous in its operation, and constituted a defect in a "way" within the meaning of the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199, 202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 8, pp. 7417, 7418.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 185*)—SAFE WAYS AND WORKS—DELEGATION OF DUTY.

The duty of preventing or remedying a defect in a way is primarily an obligation of the master which cannot be delegated, so as to relieve him from responsibility, and the negligent placing of a wagon on a freight elevator, though in fact that of plaintiff's fellow servant, was in law the negligence of the master himself.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

4. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE IN OPERATION OF ELEVATOR.

Evidence in an action for a servant's death while on a freight elevator alleged to be so negligently operated as to constitute a defective way *held* to sustain a finding that a wagon was negligently placed, authorizing judgment for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

Appeal from Trial Term, Queens County.

Action by Eliza Sullivan, as administratrix of Edward Sullivan, deceased, against the Greenhut-Siegel Cooper Company. From an order of the Supreme Court denying a motion for a new trial after verdict for plaintiff, defendant appeals. Affirmed.

See, also, 151 App. Div. 921, 136 N. Y. Supp. 1148.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Theodore H. Lord, of New York City, for appellant.

Philip Cohen, of New York City, for respondent.

CARR, J. Plaintiff has recovered a judgment against the defendant entered upon the verdict of a jury in an action brought by her to recover damages for the, death of her decedent through the alleged negligence of the defendant. The action was brought under the Employer's Liability Act (Consol. Laws 1909, c. 31; article 14 as amended by Laws 1910, c. 352), as in effect on January 21, 1911, the date of the accident. The decedent was in the employment of the defendant as a harness maker, at work in a large stable maintained by the defendant. In one corner of the stable was a large freight elevator which carried wagons up and down and other property of the defendant, and which had been used by employés without interference for the purpose of going to and from their work on the various floors of the building. At the time the decedent was injured, a single delivery wagon of the ordinary type, covered with a top, had been placed upon the freight elevator to be taken to the upper part of the building. This wagon was placed upon the platform of the elevator, and its shafts or thills lifted up. When the elevator had ascended about five feet or more, the shafts fell, and came in contact with a side of the wall. This caused the wagon to go back on the platform, and to strike the decedent, who was standing behind with his back towards the rear of the wagon. It fell over on him, causing him physical injuries which resulted in his death. The plaintiff proved that it was the duty of the elevator man to strap up the shafts, so as to prevent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them from coming in contact with the wall of the building as the elevator ascended, and likewise to place a block behind one of the rear wheels of the wagon to keep it from moving backwards. The witness Hanlon, who testified in favor of the plaintiff, was an elevator man in the stable. At lunch hour he had been relieved from duty, and one Gaswich took his place. The accident took place just after Hanlon returned to the stable, and he is the only eyewitness to its occurrence who was produced on the part of the plaintiff. He testified that, when he left for lunch and turned the elevator over to Gaswich, the ordinary block was on the platform of the elevator, and he further testified that the usual strap for tying up the shafts of the wagon was present on the wagon. He saw Gaswich put up the shafts, but he did not see whether Gaswich secured them with the strap, nor did he see whether the block had been placed behind one of the rear wheels. Gaswich was called by the defendant, testified that he had secured the shafts with the strap in question, and had placed the block behind one of the rear wheels of the wagon, and he attempted to attribute the happening of the accident to the fact that the decedent was standing at the rear of the wagon with his back against it, and must have pushed it forward, thus causing the shafts to strike the side of the wall of the building.

[1] There seems to be no question that it was the duty of the elevator man to take the necessary precautions in relation to the wagon before moving the elevator upwards, and that the usual appliances of the strap and block were present and available. If Gaswich failed to use these appliances, then his negligence was that of a fellow servant in a detail of the work, and plaintiff cannot recover unless under the provisions of the statute in question.

[2] The plaintiff claims that the elevator was a "way," and that it was defective, in that at the time of its ascension, when the accident occurred, it was actually unsafe by reason of the condition of the wagon which had been placed thereon. The learned trial court submitted the case to the jury on this theory, leaving only for the determination of that body the question whether Gaswich had actually strapped up the shafts properly, and also placed the block behind the rear wheels in accordance with the usual custom. He expressly charged the jury that, if they should find that the shafts had been properly strapped up and the block placed behind the rear wheel of the wagon, then they should find a verdict for the defendant. The chief question, therefore, involved on this appeal is whether the condition of the elevator, together with the wagon, at the time of the occurrence of the accident, was such as to constitute a defect in the "way" within the meaning of the statute. The learned trial court was of opinion that the case before him was analogous to that of Heske v. Samuelson, L. R., 12 Queen's Bench Division, 30. There is, however, a very substantial difference in the facts presented in the case just cited and those shown in the evidence in the case at bar. In that case there was a lift or elevator, consisting of two separate platforms, which were used for the carriage of coke to the top of a furnace some 85 feet above the ground. The platforms of the lift ascended or descended

alternately. One platform was ascending, filled with barrows of coke, and the other platform was at the ground level being filled with barrows of coke. One of the employés, while working on the platform which was at the ground level, was struck by coke which fell from the platform which was ascending. It was held that the elevator was so constructed as to be unsuitable for the use to which it was put, in that there was a failure to so protect the sides of the ascending platform that no coke should fall from it down upon men working below, or to so roof the platforms that, if coke should fall, it could not strike those who were working below at the ground level. The principle of decision, however, was that a "defect" in the "way," within the meaning of the statute, could exist in the "way," though mechanically perfect, if it was not suitable to the use to which it was put, when considered in the light of the reasonable safety of those obliged to use it or at work near by it. Lipstein v. Provident Loan Society (Sup.) 139 N. Y. Supp. 799. In considering the elevator here in question, the mechanism itself is not to be considered alone. It was intended to carry loads, and at the time of the accident was carrying a load. If it was loaded in such a manner as to create a danger in its operation, then it became for the time being a defective "way."

[3] The duty of preventing or remedying a defect in the way was primarily an obligation of the master which could not be so delegated as to relieve the master from responsibility. Hence if, on the occasion in question, the wagon was placed negligently on the platform of the elevator, the negligence, though in fact that of one in the common employment, was in law the negligence of the master itself.

[4] There was ample evidence from which a negligent placing of the load upon the elevator might be inferred by the jury. Nor should such a finding by the jury be deemed against the weight of evidence, though Gaswich, the elevator operator, testified to a state of facts tending to show a proper performance of his duty. As the case stood, the negligence claimed by the plaintiff was in act that of Gaswich and in law that of the defendant also. Hence Gaswich was as a witness vitally interested, for his personal conduct was involved in the controversy. Of course, the jury could not find an affirmative by simply rejecting the testimony of Gaswich, but such is not the case at bar.

Order denying motion for a new trial affirmed, with costs. All concur.